# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ISMAEL DELGADO,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
AT-831M-15-0176-I-1

DATE: June 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ismael Delgado, Miami, Florida, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed as barred by res judicata his appeal from an Office of Personnel Management (OPM) reconsideration decision finding that he owed an overpayment.    Generally, we grant petitions such as this one only when:    the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's request for review of his claims concerning OPM's alleged nonpayment of annuity benefits from 2005 through present to the regional office for docketing as a new appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant retired on November 9, 1987, and received a disability retirement annuity under the Civil Service Retirement System (CSRS). *See* Initial Appeal File (IAF), Tab 4 at 29. He received benefits until July 31, 2005, when OPM determined that he had been restored to earning capacity effective July 1, 2001. *Id.* OPM informed the appellant that he had received an overpayment of $53,227.40 between his restoration to earning capacity in 2001 and the termination of his annuity payments in 2005, which OPM intended to collect. *Id.* at 29, 34-36. The appellant requested reconsideration and, in a February 23, 2006 reconsideration decision, OPM affirmed its prior decision. *Id*. at 29-32. The appellant timely appealed to the Board, and the administrative judge affirmed the reconsideration decision in a June 27, 2006 initial decision. *Id.* at 20-25; *see*

*Delgado v. Office of Personnel Management*, MSPB Docket No. AT-831M-06-0457-I-1, Initial Decision (June 27, 2006). The appellant petitioned for review of the initial decision and, in an October 6, 2006 final order, the Board affirmed. *Delgado v. Office of Personnel Management*, MSPB Docket No. AT-831M-06-0457-I-1, Final Order (Oct. 6, 2006). The appellant did not seek further review of the Board's final decision.

¶3    In a letter dated November 24, 2014, the appellant demanded that the Department of the Treasury cease collection of the overpayment and send his case back to OPM because he had requested a Board hearing.[2] *See* IAF, Tab 1 at 1. The appellant sent a copy of the letter to the Atlanta Regional Office, which docketed the letter as a new appeal. *See* IAF, Tabs 1-2. The administrative judge issued an acknowledgment order setting forth the law and burden of proof relevant to waiver or adjustment of the overpayment and a show cause order advising the appellant that his appeal may be barred by the doctrine of res judicata and ordering him to show good cause why the appeal should not be dismissed. IAF, Tab 2 at 2, 9-11, Tab 5. In response, the appellant challenged OPM's calculation of his overpayment. *See* IAF, Tabs 6-7. The administrative judge found that the appellant's claim was barred by the doctrine of res judicata and dismissed the appeal. IAF, Tab 8, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, wherein he again challenges the merits of OPM's overpayment determination but does not address res judicata. *See* Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 4.

¶4    Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on

---

[2] We note that OPM submitted an August 26, 2014 letter from the appellant addressed to the Atlanta Regional Office, with copies to OPM, requesting a hearing and challenging the $53,277.40 overpayment determination and the nonpayment of annuity benefits from 2005 through present. *See* IAF, Tab 4 at 8-9. It is unclear, however, whether the appellant ever sent this letter to the regional office.

the same cause of action. *Johnson v. Department of Veterans Affairs*, [121 M.S.P.R. 695](https://example.com), ¶ 9 (2014), *aff'd*, No. 14-9619, 2015 WL 2437090 (10th Cir. May 22, 2015). Thus, res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* Here, the administrative judge found that these elements were met because the Board's October 6, 2006 final order involved the same parties and was, like the instant appeal, an appeal of OPM's determinations that the appellant was restored to earning capacity and received an overpayment of $53,277.40. ID at 3. Thus, the administrative judge concluded that the present appeal was barred by the doctrine of res judicata. On review, the appellant has not challenged, and we discern no reason to disturb, the administrative judge's finding that the appellant's attempt to relitigate OPM's determination that he was restored to earning capacity effective July 1, 2001, and that he received an overpayment of $53,277.40, is barred by res judicata.

¶5      We note that the appellant's pleadings below and on review also challenge OPM's nonpayment of his disability annuity benefits from 2005 through 2010 and the nonpayment of his retirement annuity from 2010, when he states he reached age 60, through present. IAF, Tab 6 at 2; PFR File, Tab 1 at 3. These claims, however, were not addressed in the initial decision. *See* ID. In order to adjudicate these claims in the first instance, we forward the matter to the regional office to be docketed as a new appeal.

**ORDER**

¶6      In light of the above, we DENY the appellant's petition for review and AFFIRM the initial decision insofar as it found that the appellant's challenge to the $53,277.40 overpayment determination is barred by res judicata. We

FORWARD the appellant's challenge of OPM's nonpayment of annuity benefits from 2005 through present to the regional office to be docketed as a new appeal. Upon docketing, the administrative judge shall give the appellant explicit notice of the law and his burden of proof to establish Board jurisdiction over an appeal of an OPM determination affecting his rights or interests under CSRS and permit him an opportunity to respond and submit evidence. *See, e.g.*, *Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶¶ 19, 21 (2011) (discussing how to establish Board jurisdiction over a retirement appeal). If there is a question of timeliness in relation to the appellant's Board appeal, the administrative judge should consider whether OPM's receipt of the appellant's August 26, 2014 Board appeal and request for a hearing constitutes a timely filing with the Board. *See Patterson v. Office of Personnel Management*, 51 M.S.P.R. 408, 410-11 (1991) (stating that under certain circumstances, untimeliness may be excused where an appellant mistakenly filed his appeal with OPM). Lastly, the administrative judge shall afford the appellant an opportunity to show that his claim is not barred by res judicata or collateral estoppel.[3] *See generally Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37, 341 (1995) (discussing the two doctrines).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] We note that the appellant's prior Board appeals seeking review of OPM determinations include MSPB Docket Nos. AT-831M-12-0416-I-1, AT-831M-11-0955-I-1, AT-831M-08-0855-I-1, and AT-831M-06-0457-I-1.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.